Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN TREATING COMPANY, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL BUILDING PRODUCTS LTD., a British Columbia, Canada company; GLOBAL BUILDING PRODUCTS (12) LTD., a British Columbia, Canada company; GLOBAL BUILDING PRODUCTS (17) LTD., a British Columbia, Canada company; FSR TREATMENT, INC., a British Columbia, Canada corporation,<br><br>Defendants. | NO. 2:12-cv-01073 RAJ<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT<br><br><br><br><br><br>JURY TRIAL DEMANDED |

COMES NOW Plaintiff American Treating Company, LLC, by and through its undersigned attorneys of record, and for claims against the above-captioned Defendants, and each of them, alleges as follows:

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
(2:12-cv-01073)      - 1 -
546542/072412 0908/81060002

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## I.  PARTIES AND JURISDICTION

1. Plaintiff American Treating Company, LLC ("ATC") is a Delaware limited liability company. ATC's members are citizens of the states of Delaware, Washington, and South Carolina. Plaintiff ATC has paid all applicable fees and is otherwise in all respects competent to bring and maintain this action.

2. On information and belief, Defendant Global Building Products Ltd. is a British Columbia, Canada company having its principal place of business in Maple Ridge, British Columbia, Canada.

3. On information and belief, Defendant Global Building Products (12) Ltd. is a British Columbia, Canada company having its principal place of business in Maple Ridge, British Columbia, Canada.

4. On information and belief, Defendant Global Building Products (17) Ltd. is a British Columbia, Canada company having its principal place of business in Maple Ridge, British Columbia, Canada.

5. On information and belief, the three Global Building Products entities are holding companies that were formed for tax purposes to hold the Chemco intellectual property for successive time periods. The three Global Building Products entities are collectively referred to as "Global" herein.

6. On information and belief, Defendant FSR Treating, Inc. ("FSR") is a British Columbia, Canada corporation having its principal place of business in Maple Ridge, British Columbia, Canada.

7. This parties in this case are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court has subject matter jurisdiction of this dispute pursuant to 28 U.S.C § 1332.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
(2:12-cv-01073)
546542/072412 0908/81060002

- 2 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8. At all material times, Defendants transacted business in the State of Washington such that hailing them into court in Washington does not offend traditional notions of fair play and substantial justice. Defendants may be served with Washington process pursuant to RCW 4.28.080(9), RCW 4.28.080(10), RCW 4.28.180, and RCW 4.28.185. This Court has personal jurisdiction of the parties to this dispute.

9. A substantial part of the events or omissions giving rise to this claim occurred in Whatcom County, Washington. Venue lies in the Western District of Washington pursuant to 28 U.S.C. § 1391(a)(2).

10. A substantial part of the events or omissions giving rise to this claim occurred in Whatcom County, Washington. This case should be maintained at Seattle pursuant to CR 5(e)(1).

## II.   FACTUAL ALLEGATIONS

11. Chemco, Inc. ("Chemco") is a Washington corporation having its principal place of business in Ferndale, Washington. In 1992, Chemco's affiliates patented a fire retardant chemical. The patent number is 5,162,394 ("the '394 patent"). Chemco also adopted a process for pressure treating wood products with its patented chemical. For many years, Chemco treated wood shingles and shakes, and also other wood products, with its proprietary fire retardant chemical at its facility in Ferndale, Washington.

12. During these years, Chemco succeeded in getting its proprietary chemical an "ICC-ES report" and a California Fire Marshall "listing" for fire retardant wood roofing material, both of which were important to being able to use the product on roofing materials destined for sale into the California market. The Fire Marshall listing was particularly difficult to get because it required satisfactory results over a prescribed ten year period of weathering tests. As of 2007, the Chemco chemical was the only product to have passed these tests.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
(2:12-cv-01073)                                     - 3 -
546542/072412 0908/81060002

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

13.     ATC and Blue Mountain Log Sales Ltd. ("Blue Mountain") are affiliated companies. In 1997, Chemco and Blue Mountain entered into a Rebate Agreement by which Chemco agreed to treat Blue Mountain's roofing products at favorable rates in exchange for Blue Mountain's agreement to close its treating facility and to have all of its wood roofing products treated by Chemco. The Rebate Agreement included a conditional license whereby Blue Mountain was authorized to treat wood roofing products with the Chemco chemical and process in the event Chemco breached the Rebate Agreement without cause. Blue Mountain actually closed its treating facility pursuant to the Rebate Agreement, and Chemco supplied all of Blue Mountain's treating requirements for ten years pursuant to the Rebate Agreement.

14.     In 2007, Chemco entered into an Exclusive License Agreement with Global. Chemco licensed all of its wood roofing business and all associated technology, data, tests, product certifications, information and other rights to Global. Chemco's exclusive license of its chemical and process to Global constituted a breach without cause of Chemco's 1997 Rebate Agreement with Blue Mountain. Chemco's breach without cause triggered Blue Mountain's conditional license to treat wood roofing products with the Chemco chemical and process set forth in Section 8 of the Rebate Agreement.

15.     Global was fully aware of the 1997 Chemco-Blue Mountain Rebate Agreement, and particularly Blue Mountain's limited license to treat wood roofing products with the Chemco chemical and process in the event Chemco breached the Rebate Agreement without cause, when it entered into the 2007 Exclusive License Agreement with Chemco.

16.     In 2008, Blue Mountain sued Chemco for its breach without cause of the 1997 Rebate Agreement. In 2009, the case settled. Chemco agreed to broker a three-cornered deal with FSR and Global whereby FSR would treat all of Blue Mountain's wood roofing products at substantially the rebate levels specified in the 1997 Chemco-Blue Mountain Rebate

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
(2:12-cv-01073)                               - 4 -
546542/072412 0908/81060002

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Agreement in exchange for Blue Mountain's agreement to terminate the 1997 Chemco-Blue Mountain Rebate Agreement, in particular Blue Mountain's conditional license to use the Chemco chemical and process set forth in Section 8 therein.

17. Blue Mountain performed all of its obligations under the 2009 settlement agreement. Specifically, Blue Mountain signed and delivered an agreement terminating the 1997 Rebate Agreement. Chemco did not perform its obligations under the parties' settlement agreement. Chemco did not procure a deal by which FSR would treat all of Blue Mountain's wood roofing products at substantially the rebate levels specified in the 1997 Chemco-Blue Mountain Agreement. Thus, Blue Mountain did not receive any consideration whatsoever for signing and delivering an agreement terminating the 1997 Rebate Agreement.

18. Chemco and FSR treated ATC's wood roofing products with the Chemco chemical from 2007 through mid-2010.

19. In 2010, ATC and Chemco began negotiating a transaction by which ATC would lease Chemco's Ferndale, Washington wood treatment facility, buy Chemco's wood treatment assets and equipment, and license the Chemco chemical and process for non-roof applications. The negotiation lasted a number of months. A license was signed on May 1, 2010, and a lease was signed on May 19, 2010. Chemco supplied ATC with the formula for the Chemco chemical and the specifications for the Chemco process in connection with the transaction.

20. The '394 patent expired on September 17, 2010. ATC resumed treating wood roofing products around that time. ATC's management believed that Blue Mountain had a limited license to use the Chemco chemical and process on wood roofing products from December 1, 2007 to September 17, 2010, that the teachings of the '394 patent entered the public domain when the '394 patent expired, that it is against public policy and *per se* illegal to

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
(2:12-cv-01073)                                  - 5 -
546542/072412 0908/81060002

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

attempt to enforce an expired patent, and that the Chemco chemical and process are not a valid trade secret under Washington law.

21.  Chemco assisted ATC in obtaining certifications necessary to allow ATC to treat wood roofing products bound for sale in the California market. ATC obtained ICC Report ESR-3219 on March 11, 2011 covering wood roofing shakes and shingles. ATC received a California State Fire Marshall listing on September 9, 2011 covering wood roofing shakes and shingles.

22.  On April 6, 2011 and June 7, 2012, FSR and Global wrote to ATC alleging that ATC has misappropriated their trade secrets and is not authorized to use the Chemco chemical and process to treat wood roofing products. FSR and Global demand that ATC commit in writing not to engage in the further misuse or disclosure of Chemco fire retardant formulation and method of manufacture. FSR and Global's improper efforts to preclude ATC from using the Chemco chemical and process, which now reside in the public domain, have injured and continue to injure ATC in an amount far in excess of $75,000.

### III.  CHARGING ALLEGATIONS

23.  ATC restates and incorporates paragraphs 1 through 22 above as though fully set forth.

25.  An actual justiciable controversy within the meaning of 28 U.S.C. § 2201 exists regarding the scope and enforceability of Global and FSR's license to use the Chemco chemical and process and their alleged trade secret in the Chemco chemical and process.

26.  ATC requests that the Court enter a declaratory judgment declaring that the '394 patent has expired and the Chemco chemical and process now reside in the public domain.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
(2:12-cv-01073)                              - 6 -
546542/072412 0908/81060002

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

27. ATC also requests that the Court enter a declaratory judgment declaring that Global and FSR may not use the 2007 Chemco-Global Exclusive Licensing Agreement to preclude ATC from making and selling the Chemco chemical and process.

## IV. JURY DEMAND

Plaintiff ATC hereby respectfully demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38(a).

## V. PRAYER FOR RELIEF

WHEREFORE, having stated a claim against Defendants Global and FSR, and each of them, Plaintiff ATC respectfully prays as follows:

1. That Plaintiff ATC have judgment against Defendants Global and FSR declaring that (1) the '394 patent has expired and the Chemco chemical and process now reside in the public domain; and (2) Global and FSR may not use the 2007 Chemco-Global Exclusive Licensing Agreement to preclude ATC from making and selling the Chemco chemical and process;

2. That Plaintiff ATC have and recover its costs of suit, including a reasonable attorney's fee;

3. That Plaintiff ATC's pleadings be amended to conform to the proof offered at the time of trial or other hearing herein; and

4. For such further favorable relief as the Court deems just and appropriate.

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
(2:12-cv-01073)    - 7 -
546542/072412 0908/81060002

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1     DATED this 24th day of July, 2012.

2                          BETTS, PATTERSON & MINES, P.S.

4                          By /s/ James D. Nelson
                            James D. Nelson, WSBA #11134
5                             Jeffrey S. Tindal, WSBA #29286
                            BETTS PATTERSON & MINES, P.S.
6                             One Convention Place, Suite 1400
                            701 Pike Street
7                             Seattle, Washington 98101-3927
                            (206) 292-9988
8                             (206) 343-7053 (facsimile)
                            jnelson@bpmlaw.com
9                             jtindal@bpmlaw.com

11                         NORTON & MELNIK, P.C.

13                         By _____
14                            Geoffrey P. Norton, Pro Hac Vice Pending
                           NORTON & MELNIK, P.C.
15                          20920 Warner Center Lane, Suite B
                         Woodland Hills, California 91367
16                          (818) 999-9500
                         (818) 999-9155 (facsimile)
17                          gnorton@nortonmelnik.com

18                        Attorneys for Plaintiff American Treating Company, LLC

19

20

21

22

23

24

25

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
(2:12-cv-01073)                          - 8 -
546542/072412 0908/81060002

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988