UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN TREATING COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL BUILDING PRODUCTS, LTD.., a British Columbia, Canada company;   GLOBAL BUILDING PRODUCTS (12) LTD, a British Columbia, Canada company; GLOBAL BUILDING PRODUCTS (17) LTD., a British Columbia, Canada company; and FSR TREATMENT, INC., a British Columbia, Canada corporation,<br><br>Defendants. | CASE NO. C12-1073RSM<br><br>ORDER ON MOTION TO CONTINUE TRIAL DATE |

ORDER ON MOTION TO CONTINUE TRIAL DATE - 1

| | |
|---|---|
| 1 | AMERICAN TREATING COMPANY, LLC, |
| 2 | Plaintiff and Counterclaim Defendant, |
| 3 | |
| 4 | and |
| 5 | BLUE MOUNTAIN LOG SALES LTD., a British Columbia, Canada company, |
| 6 | Plaintiff, |
| 7 | v. |
| 8 | GLOBAL BUILDING PRODUCTS, LTD.., a British Columbia, Canada company;   GLOBAL BUILDING PRODUCTS (12) ltd, A British Columbia, Canada company; GLOBAL BUILDING PRODUCTS (17) LTD., a British Columbia, Canada company; and FSR TREATMENT, INC., a British Columbia, Canada corporation, |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | Defendants and Counterclaim Plaintiffs |
| 14 | v. |
| 15 | FRED AMUNDSON, an individual and citizen of Washington, |
| 16 | |
| 17 | Additional Counterclaim Defendant. |

This matter is before the Court for consideration of a motion to continue the trial date filed by counterclaim defendant Fred Amundson. Dkt. # 41. Although the motion is unopposed, before ruling on the motion the Court will review the history of this consolidated case and make additional rulings as necessary. Accordingly, the Court does hereby find and ORDER:

(1) This case is the result of consolidation of three separate cases which were filed by the parties in June and July of 2012. In the first-filed case, the three Global Building Products companies and FSR Treatment, Inc., (together, "Global") sought confirmation of an arbitration award by way of a Petition to Confirm Arbitration. *Global Building Products Ltd., et al. v. Chemco Inc., et al*., C12-1017RSM. That case was filed June 12, 2012, and was assigned to the undersigned judge at the outset. It  proceeded to

ORDER ON MOTION TO CONTINUE TRIAL DATE - 2

judgment in favor of Global.

(2) On June 19, 2012, new party American Trading Company LLC ("ATC") filed a complaint for declaratory judgment for patent misuse against Global. *American Trading Company, LLC, v. Global Building Products Ltd, et al*, C12-1073RSM.  The case was originally assigned to the Honorable John C. Coughenour, who recused and transferred the case to the Honorable Richard A. Jones.

(3) Also on June 19, 2012, ATC, together with Blue Mountain Log Sales Ltd., filed a complaint for declaratory relief on licensing and trade secrets in Washington State court. On July 26, 2012, Global removed the case to this Court, where it was originally assigned to the Honorable Marsha J. Pechman.[1]

(4) Global then filed motions to transfer both C12-1073RAJ and C12-1276MJP to the undersigned in anticipation that they would be consolidated with the lowest-numbered case, C12-1017RSM, consistent with the practice of this Court. Local Rule LCR 42(a). ATC and Blue Mountain Log Sales Ltd. filed a notice of no opposition to consolidation in both cases on August 13, 2013. Judge Pechman transferred her case, C12-1276, to the undersigned on August 20, 2012. Judge Jones transferred his case, C12-1073, to the undersigned on August 28, 2012.

(5) Global filed a Rule 12(b)(6) motion to dismiss for failure to state a claim in C12-1073 on August 9, 2012. This motion was not ripe for consideration on the date the case was transferred. In C12-1276, Global filed an answer and counterclaims against ATC and Fred Amundson on August 2, 2012. This answer triggered this Court's issuance of the Order for Joint Status Report on August 31, 2012. The parties' Joint Status Report was timely filed on October 10, 2012 and the Court issued its Scheduling Order on October 12, 2012. The Scheduling Order set a trial date of October 7, 2013 and appropriate deadlines for discovery and motion practice, including a deadline for joinder of parties of March 1, 2012. *See*, C12-1276RSM, Dkt. # 33.

---

[1] Although the Notice of Removal invokes this Court's diversity jurisdiction by asserting that plaintiff Blue Mountain Logs, Ltd., a British Columbia company, was fraudulently joined to defeat removal, plaintiff ATC did not move for remand. Nevertheless, if it is determined in the pending motion for remand by counterclaim defendant Fred Amundson that federal question jurisdiction does not lie, then the fraudulent joinder issue will necessarily have to be considered, *sua sponte* if necessary. If at any time before judgment it appears that this Court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

ORDER ON MOTION TO CONTINUE TRIAL DATE - 3

(6) On October 29 and 30, 2012, ATC filed notices of bankruptcy filing and automatic stay in C12-1073RSM and C12-1276RSM respectively.  Although the stay is automatic, the Court subsequently issued orders terminating Global's pending motion to dismiss in C12-1073RSM, as well as a motion to dismiss counterclaims filed by counterclaim defendant Fred Amundson in C12-1276RSM.

(7) The bankruptcy stay did not affect the lowest-numbered case, C12-1017RSM, as ATC was not a party to that case.  This case was closed November 29, 2012 by entry of judgment confirming the arbitration award.

(8) On February 12, 2013, after obtaining an Order from the bankruptcy court lifting the stay, the parties filed a joint stipulated motion for relief from the bankruptcy stay in both cases in this Court.  Although  stipulations can be noted for consideration the same day as filed, both motions were noted on the Court's calendar for March 1, 2013.  Both motions were granted that day.

(9) On February 27, 2012, after filing the stipulation to lift the stay, but before the stay was actually lifted, Global filed a "Notice of Defendants' Intention to File Amended Counterclaims Joining Additional Parties" in C12-1276RSM. This "Notice" filed in a stayed case was improper and did not serve to extend the deadline for joining parties in C12-1276RSM, which expired on March 1, 2013.

(10)  The parties then filed, on March 4, 2013,  a joint motion to consolidate C12-1276RSM with C12-1073RSM.  While the consolidation motion was pending, counterclaim defendant Fred Amundson filed a motion to continue the trial date and a motion for remand in C12-1276RSM.  The consolidation motion was granted on April 8, 2013; the cases were consolidated and assigned the lower case number, C12-1073RSM.  The Clerk was directed to close C12-1276RSM and terminate the pending motions, subject to renewal in the consolidated case.  The Court also stated that a new Scheduling Order would be issued for the consolidated case. A new Scheduling Order has not yet issued, and the schedule issued previously in C12-1276RSM is still in effect in the consolidated case.

(11) Counterclaim defendant Amundson renewed his motion to continue the trial date in the consolidate case on April 10, 2013. Dkt. # 41.  Asserting that the case was delayed by the stay for five months,[2] Mr. Amundson asked for a continuance of the trial date by the same amount.  The current trial

---

[2] The bankruptcy stay was actually in effect from October 29,  2012, to March 1, 2013, or four months.

ORDER ON MOTION TO CONTINUE TRIAL DATE - 4

1  date is October 7, 2013, and the request was to re-set the trial date "no sooner than March 2014." *Id*., p.
2  4.  The motion to continue was noted for consideration on May 3, 2013.  Plaintiffs ATC and Blue
3  Mountain Log Sales filed their response on April 29, 2013, stating that they did not oppose a
4  continuance, but requested that it be much longer than requested by Mr. Amundson, due to a new
5  pleading filed by Global on April 24, 2013. Global did not respond to Mr. Amundson's motion for a
6  continuance to either support or oppose it.

7  (12) The "new pleading" filed by Global on April 24, 2013 was an answer and counterclaim in
8  the consolidated case.  Dkt. # 49.  Global had not previously filed an answer in C12-1073RSM, but
9  instead filed a motion to dismiss, which was pending at the time the stay was entered.  The motion to
10 dismiss was terminated by the Court pursuant to the stay.  Dkt. # 34.  Instead of renewing the motion to
11 dismiss after the Court lifted the stay, Global chose to file an answer to the complaint originally filed in
12 C12-1073RSM.  However, the inclusion of counterclaims against new parties violates the current
13 Scheduling Order for the consolidated case, which set a deadline for joinder of additional parties of
14 March 1, 2013.  Global was fully aware of this deadline when it moved to consolidate the two cases on
15 March 4, 2013, as evidenced by the Notice filed on February 27, 2013 in C12-2076RSM.  Global could
16 have filed its answer in C12-1073RSM after the stay was lifted, and before the Court ruled on the
17 motion to consolidate, without objection, as there was no scheduling order in place in C12-1073RSM.
18 However, by waiting until April 24, 2013 to assert the counterclaims against new parties, well after the
19 motion to consolidate was granted, Global has run afoul of the Court's Orders and practice standards.
20 Under its inherent power to control and manage its docket, the Court shall STRIKE the counterclaims
21 asserted against any new parties in Global's pleading filed April 24, 2013 as untimely.  This ruling
22 leaves in place the new counterclaims asserted against counterclaim defendant Amundson.

23 (13) The Clerk is directed to TERMINATE from the docket the following new counterclaim
24 defendants: American Pacific Wood Products, Inc., The Clarke Group Canadian Company, Clartre, Inc.,
25 John D. Gibb, Scott Clarke, and The Clarke Group.

26 (14)  The Court finds good cause to continue the trial date for an appropriate period due to the
27 bankruptcy stay.  Counterclaim defendant Amundson's motion to continue (Dkt. # 41)  is accordingly
28 GRANTED.  The new trial date is **March 24, 2014**.  The Clerk shall issue a new Scheduling Order

ORDER ON MOTION TO CONTINUE TRIAL DATE - 5

1 consistent with this trial date, beginning with the deadline for filing discovery motions.

2     Dated this 21 day of May 2013.

                                                RICARDO S. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO CONTINUE TRIAL DATE - 6